Marshall, C. J.
 

 Laura McKinley filed her petition in the court of common pleas of Cuyahoga county, Ohio, alleging that she was a tenant in a
 
 *335
 
 two-story apartment house owned by Mary Niederst in the city of Cleveland, Ohio; that there are four separate suites in said building, two on the first floor and two on the second floor, plaintiff occupying a suite on the first floor; that a common stairway is maintained in said building leading from the front of said building into a hall or vestibule, thence up about six steps to a landing on the first floor, that being the floor where the suite was located which was occupied by plaintiff; that both of said stairways were common stairways under the supervision and control of the defendant.
 

 The petition contained the further- allegations:
 

 “Plaintiff says that on or about the 7th day of January, 1925, at about 6:45 a. m., she was about to leave her suite in said apartment by way of, said front entrance, hall, and stairway, to go to work; that as she stepped out on to said landing or hallway to descend the aforementioned stairway the hall lights were out, both on said landing and on the stairway and vestibule below, and that said hallway was pitch dark; that she then felt for a railing which was adjacent to said stairway, and while so feeling her way she was precipitated from the top step thereof and fell the full length of said stairway to the vestibule below, landing with all her weight on the bottom step, her left leg or shin striking said bottom step with great weight and force, thereby seriously and permanently injuring her as hereinafter described; and that at the time and place referred to the said defendant was in full and exclusive control of said stairways, halls, and electric, lights.
 

 “Plaintiff further says that the defendant was
 
 *336
 
 careless and negligent in the following particulars, to wit:
 

 “(1) Carelessly and negligently failed to keep the aforesaid halls lighted.
 

 “(2) Carelessly and negligently failed to keep' said hall, vestibule, and stairways in a safe condition by means of guard rails and lights.
 

 “ (3)' Carelessly and negligently failed to warn or apprise this plaintiff of the dangerous condition of said stairway, to wit, the failure to keep said hall and stairway lights lighted.’’
 

 The petition further alleged injuries and prayed damages in the sum of $30,000. The defendant answered admitting defendant’s ownership and plaintiff’s tenancy, and that the premises existed as stated in the petition, and further alleged that the stairway, hall, and landing were in perfect repair at the time of the accident, and denied all other allegations. At the trial, at the close of plaintiff’s testimony, a motion to direct a verdict in defendant’s favor was sustained and judgment rendered against plaintiff for costs. The Court of Appeals affirmed the judgment, and motion to certify the record to this court was allowed.
 

 It was argued on behalf of the defendant in the trial court, in the Court of Appeals, and in this court: (1) That the petition did not state a cause of action; and (2) that plaintiff’s testimony raised an issue of contributory negligence, which was not counterbalanced by other evidence, and which justified the trial court in directing a verdict in defendant’s favor. These two propositions will be considered in their order.
 

 On the question of the sufficiency of the allegations
 
 *337
 
 of the petition to state a canse of action, the inquiry is whether the defendant was charged with any duty to light the halls and stairways of said apartment building. The petition alleges that the plaintiff was leaving the building in the early morning, while it was yet dark, that the lights were out, and that defendant was in full and exclusive control of the stairways, halls, and lights. It . is a privately owned building, and there is no statute or ordinance regulating the management, control, or operation of a privately owned apartment house, or requiring the halls and stairways of such a building to be kept lighted during the night season. Neither is it alleged that there was any contract between the owner and the tenant requiring lights to be maintained during the night season. No authority has been cited by the plaintiff showing a common-law duty, and we know of no such rule of common law. Counsel for plaintiff have cited a number of cases, but on examination they are all found to be cases where premises were permitted by the owner to become out of repair. The rule in such cases is well settled, but that rule has no application to the instant controversy. The mere allegation that the halls and stairways were in a state of darkness at the time of the accident, in the absence of a duty on the part of the owner to keep them lighted, is not actionable negligence. The petition did not therefore state a cause of action.
 

 . At the trial, the plaintiff testified that when she left her apartment and stepped into the hall and closed the door after her she found the hall very dark. She had put out the lights in her own apartment, and when she stepped into the hall and closed the door after her, which was a self-locker, and in
 
 *338
 
 stead of again opening her door and lighting her apartment, she proceeded a distance of not less than four feet and not more than fifteen feet, according to the testimony of different witnesses, seeking the newel post at the top of the stairway. Missing the newel post, she was precipitated down the stairway to the landing, where she fell and was injured. It is urged on behalf of the defendant that this evidence raises an inference of negligence on plaintiff’s part, and that there is a total absence of any evidence tending to refute such inference, and that a directed verdict was therefore proper. This case has many points of similarity with the case of
 
 Flury
 
 v.
 
 Central Publishing House, ante,
 
 154, 160 N. E., 679, in which, in the third proposition of the syllabus, it is held:
 

 ‘ ‘ The testimony of a plaintiff invitee, in an action for negligence, that from a lighted room he opened a closed metal-covered sliding door, was confronted with total darkness beyond the door, that he then stepped into such total darkness, to his injury, without any knowledge, information, or investigation as to what such darkness might conceal, raises an inference of negligence on his park which, in the absence of any evidence tending to refute such inference, will require a directed verdict for the defendant. ’ ’
 

 The instant case is even more conclusive against the plaintiff than the
 
 Flury case.
 
 Mrs. McKinley was not a stranger to the situation. She had lived in the apartment many months, and not only knew that there was a stairway, but knew that the stairway was within a few feet of her door. There had been no change in location or condition; no failure to keep in repair. She went forward in total dark
 
 *339
 
 ness according to her own admissions, with full knowledge of the existence and general location of the stairway. The stairway was not unsafe and was not an unnecessary institution. It was only dangerous in the sense that it must be utilized cautiously. The plaintiff’s own testimony clearly raises an inference that she did not exercise ordinary care, and there is no evidence in the record tending to refute that inference. The directed verdict was therefore proper on both grounds. The judgment of the Court of Appeals and of the court of common pleas will be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson, J ones and Matthias, JJ., concur.