POLLOCK *v.* REITZ.

(Decided June 14, 1929.)

*Mr. Charles Koonce,* for plaintiff in error.
*Messrs. Nicholson & Warnock,* for defendant in error.

POLLOCK, J. The defendant in error, Marguerite Reitz, as plaintiff, brought an action against Timp Pollock, present plaintiff in error, in the court of common pleas of Mahoning county, in which she alleged that she was employed as a nurse to attend upon Miss Pollock in her home; that plaintiff, as part of her duties, was required to ascend and descend a certain stairway in the residence of the defendant, which was dark by reason of being insufficiently lighted. She further says that at the time of her employment there was also employed by Miss Pollock in her home a servant or agent by the name of Elizabeth Kennedy, whose regular duties were those of a general housekeeper; that on the 18th day of February, 1927, said servant negligently and carelessly placed a carpet sweeper upon said insufficiently lighted stairway, and in the afternoon of that day, while plaintiff was descending said stairway, carrying a tray of dishes, she was caused to trip over said carpet sweeper which said housekeeper had placed upon the stairway, and fell, severely injuring herself. She then alleges her injuries, and asks damages for the same.

There was an answer filed denying the negligence charged, and alleging that, if it should be true that defendant was guilty of negligence in the particulars claimed, plaintiff's injuries were nevertheless the direct and proximate result of the carelessness and negligence of the plaintiff herself in the use of said stairway, and in the manner of her descent thereof, with full knowledge of the conditions.

A reply was filed, which was a general denial of the affirmative allegations of the answer.

The case was tried in the court below, resulting in a verdict and judgment in favor of the plaintiff. This action is prosecuted to reverse that judgment.

The defendant, Miss Pollock, had suffered a stroke of apoplexy, and in addition to that had injured or broken her hip as the result of a fall, and had to be assisted into and out of bed, and other attentions given her. The plaintiff was employed by defendant some time in December, 1926, to nurse or attend the defendant during the daytime, and was in that employment up until the 18th day of February, 1927, the date of the accident, and continued in that employment for some time thereafter. Elizabeth Kennedy was also in the employ of the defendant at the same time, and had been for some years prior thereto in the care of the defendant's house, cooking her meals and the other meals which were required by the persons in the house, and sometimes assisting in the care of the defendant.

On the day of the accident, Miss Kennedy had prepared the noon meal for the defendant, and had taken it to her room. Then the plaintiff, Marguerite Reitz, left the room and descended the rear or back stairway to eat her lunch, and returned to the room

of the defendant, using this stairway on each occasion. When she returned to the room, Miss Kennedy left the room for the purpose of finishing the remainder of her housecleaning work. After the defendant, Miss Pollock, finished her meal, the plaintiff took the tray with the dishes thereon in one hand and a vase containing some flowers in the other hand and proceeded to go down this stairway to the kitchen. The stairway was dark, which was known to the plaintiff before she entered it. The stairway was about thirty-six inches wide, and there was a landing near the bottom, possibly two steps from the floor of the kitchen.

Plaintiff claims that, as she descended the stairway with the vase of flowers and the tray of dishes, there was what is known as a Bissell sweeper on the third step above this landing, which had been left there by Miss Kennedy; that in the darkness she did not see the sweeper, stepped on it, and was precipitated to the landing and received the injuries for which she is seeking to recover. It was customary for this sweeper to be left upon the landing. Miss Kennedy testified that she had left it on the landing in the afternoon when she finished using it, leaving it in its usual place. There was a sharp conflict between the testimony of the plaintiff and that of Miss Kennedy in regard to the position of the sweeper, but the jury, by its verdict, found in favor of the plaintiff, and it cannot now be disturbed.

At the close of plaintiff's evidence, the defendant moved the court to direct a verdict. This was overruled; and at the close of all the evidence the motion was renewed because of the fact that the evidence of the plaintiff raised the issue of plaintiff's own

negligence, which was not counterbalanced by other evidence, and which required the trial court to direct a verdict in defendant's favor. This is urged on the ground that plaintiff entered this stairway carrying the tray and flowers when she knew that it was dark so that she could not see objects on the stairway, and is claimed on the authority of two recent cases decided by the Supreme Court. *Flury* v. *Central Publishing House,* 118 Ohio St., 154, 160 N. E., 679, and *McKinley* v. *Niederst,* 118 Ohio St., 334, 160 N. E., 850.

These cases announce the rule that, where a party enters an opening, such as a stairway, where it is too dark to see, and receives an injury, he cannot recover, because of his own negligence, but the case which we are now considering can be distinguished from the rules announced in above two cases. The stairway was dark, and the plaintiff, by reason of both of her hands being occupied, could not use her hands to care for herself; but, from the evidence, she had used this stairway many times in safety, and had used it but a very short time before the time of the accident. There was no obstruction on the stairs at other times when she used it, so that, while the stairs were dark, yet she had no reason to believe that there would be an obstruction on the stairs that would interfere with her descending. There was no error in the court refusing to direct a verdict on that ground.

The next error complained of is in the court refusing to direct a verdict on the ground that the injuries sustained were caused by the negligence of a fellow servant, to wit, the negligence of Miss Ken-

nedy in leaving the sweeper on the step of the stairs where it was not customary to leave it.

Miss Reitz testified that Miss Kennedy usually carried up the tray after she had prepared the meal for the defendant, and that she (Miss Reitz) invariably took the tray down. That was a part of her duty. Miss Kennedy testifies that she (Miss Kennedy) was the maid and housekeeper; that she performed the work of taking care of the house and cooking the meals; that she assisted in taking care of Miss Pollock when she had time to do so; that Miss Pollock directed her what to do; that she had no authority to direct Miss Reitz; and that Miss Reitz had no authority to direct her that she knew of.

This is substantially the evidence as to their employments. They were both under the employ and paid by Miss Pollock. It is urged that under the employment they were fellow servants, both engaged in providing for the care and comfort of Miss Pollock, and neither could recover for injuries which were caused by the negligence of the other.

The rule that the principal is not liable for an injury to a servant caused by the negligence of a fellow servant was early announced by Judge Ranney in the case of *Cleveland, Columbus & Cincinnati Rd. Co.* v. *Keary,* 3 Ohio St., 201, at page 209;

"That the servant takes upon himself all the ordinary risks incident to the business, including liability to injury from the negligence of other servants employed with him by the common principal, but having no control over the business, or the servant who receives the injury."

This was again affirmed in *Whaalan* v. *Mad River & Lake Erie Rd. Co.,* 8 Ohio St., 253.

This rule was also enforced by the Supreme Court of this state in *Pittsburgh, Fort Wayne & Chicago Ry. Co.* v. *Devinney,* 17 Ohio St., 198, in which the Supreme Court held that a railroad company was not liable for damages to a brakeman on one of its trains who received injury through the negligence of the conductor or engineer, or both, of another train.

And, again, in the case of *Railroad Co.* v. *Margrat,* 51 Ohio St., 130, 37 N. E., 11, holding that an engineer in charge of a locomotive on a train of cars is in a branch or department separate from that of a brakeman on another train of the same company, within the meaning of the term "separate branch or department," it is said in the opinion, at page 141 of 51 Ohio State, 37 N. E., 11, 13:

"Neither had been clothed with authority over the other, therefore the relation of superior and subordinate between them had no existence in fact. In the absence of such relation, their common employer would not be liable to either for injuries received through the negligence of the other."

In *Kelly Island Lime & Transport Co.* v. *Pachuta,* 69 Ohio St., 462, the Supreme Court, at page 468, 69 N. E., 988, 990, 100 Am. St. Rep., 706, further said, in reference to separate departments or separate character of services:

"In Ohio the test to be applied in determining whether a particular servant is a vice-principal or a fellow servant, except in certain cases where the rule has been modified by statute, is whether or not he has been placed by his employer in a position of control or authority over his co-employe. That this, rather than the nature and character of the work

being done, is the controlling and governing test in this state, would seem to be well settled by the following authorities: *Railroad Co.* v. *Keary,* 3 Ohio St., 201; *Railway Co.* v. *Lewis,* 33 Ohio St., 196; *Railway Co.* v. *Ranney,* 37 Ohio St., 665.''

This principle is affirmed again by the Supreme Court in the case of *Gildersleeve* v. *Newton Steel Co.,* 109 Ohio St., 341, at page 354, 142 N. E., 678, 682:

''The defendant was also entitled to the fellow-servant defense, even if such superior employe was in a separate department, especially if such superior employe exercised no control or authority over the injured employe in another department.''

These principles are announced by the text-writers.

In 18 Ruling Case Law, 756, Section 223, it is said:

''It is sufficient that both are employed by the same master, under the same control, and perform duties and services for the same general purpose. All persons engaged in the same general work and in the service of the same employer are deemed *prima facie* to be fellow servants within the rule that exempts the master from liability.''

The question whether employees are fellow servants is referred to in volume 4, Labatt on Master and Servant (2d Ed.), Section 1420, page 4066:

''We are manifestly conducted to the conclusion that, in determining whether or not there was a common employment, as between two servants, the necessary, and the only proper, question to ask is whether or not their duties were so related that each of them must have known himself to be exposed to the risk of being injured, in the event of the other's committing a negligent act; and that this risk was

so normal, and so likely to eventuate in actual disaster, that it was presumably considered by each of them in fixing the amount of the compensation which they were willing to receive for their services.

"It is important to note that, for the purposes of this rule, the nonanticipation of the servant is material only in so far as it may be resolved into an excusable incapacity to forecast the probability of injury from the particular servant who was guilty of the negligent act in question. The mere fact that the negligent act itself was one which could not have been reasonably foreseen does not take the case out of the operation of the general rule."

In the next section following the writer says:

"One of its corollaries is that the plaintiff is precluded from recovery wherever the functions which he and the negligent co-employes were discharging, although not identical, or even similar, in character, were yet such that the two servants were 'contributing directly to the common object of their common employer' in that enterprise for which their services were engaged. Or, to employ a terminology which is frequently found in the books, the injured servant's right to recover does not depend upon the fact that he may have been in a different department of the service from the delinquent."

In the case here under consideration the plaintiff was employed as a nurse, looking after the defendant, who was in such condition that she needed the personal services of some one who would help her from bed to her chair and back, and attend to her other wants. Miss Kennedy was employed to care for the defendant by preparing her meals and looking after her house. Both were in the employ of

Miss Pollock, serving her comforts and wants—one of them looking after the care of her house and providing her meals; the other one caring during the daytime for her personal wants, and at the time of the injury was removing the dishes that had been taken to the defendant's room by Miss Kennedy for her noon meal and also flowers that had been theretofore used in her room.

It is urged by the plaintiff that Miss Reitz and Miss Kennedy were not serving the defendant in the same class or department, Miss Reitz serving as a registered nurse and Miss Kennedy as a house maid, and that for that reason they were not fellow servants.

Under the rule announced by the Supreme Court in *Railroad Company* v. *Margrat, supra,* and other authorities cited, it does not make any difference if they were not. It is not the title or profession that determines the question of fellow servant, but the actual services for the common employer that the injured employee and the negligent one were performing at the time the injury occurred. Miss Reitz testified that Miss Kennedy, after she had prepared the meal for Miss Pollock, usually carried the tray with the meal to Miss Pollock's room, and that she (Miss Reitz) invariably returned the tray with the dishes to the kitchen. It appears that they were both employed at that time by the defendant for the same purpose—that was to care for the defendant in her person and her home. Neither exercised any control or authority over the other. The court should have sustained defendant's motion at the close of all the evidence on the ground that Miss Kennedy and plaintiff were fellow servants.

It was further urged that the court erred in refusing to give the following request before argument:

"If you find from the preponderance of the evidence in this case that the plaintiff had been instructed by the defendant to use the front stairs and not the back stairs, and that plaintiff disobeyed said instructions, and that as a proximate result of said disobeyance plaintiff met with the accident of which she complains in this action, the court says to you, as a matter of law, that plaintiff is not entitled to recover against defendant and your verdict must be for the defendant."

This request was refused on the ground that there was no evidence tending to prove that the plaintiff was directed not to use the back stairway, which she was using at the time of the injury. The only evidence on this question is that given by the plaintiff:

"Q. When you came there were you ever instructed that you were required to use the front stairway? A. No."

And the following questions asked Miss Kennedy, and the answers she gave:

"Q. Did you hear Miss Pollock give any instruction to Miss Reitz as to the use of either of these stairs? A. Yes.

"Q. What did she say? A. You always use the front stairway."

It is urged that this evidence only tends to prove a direction to use the front stairway, and did not direct her not to use the back stairway. This depends on whether what Miss Kennedy says she heard the defendant say to the plaintiff was a mere direction that she could use the front stairs, or whether

it was a direct command or instruction to use the front stairway alone. The answer given by Miss Kennedy is, "You always use the front stairway." We think this was a command, if given, to use the front stairway and not the rear one, and that the instruction should have been given.

It follows that the judgment of the court below is reversed on the ground that the court should have directed a verdict for defendant at the close of plaintiff's evidence.

Final judgment is entered in favor of the defendant below for the court's error in overruling motion to direct a verdict in favor of defendant at the close of all the evidence.

*Judgment for plaintiff in error.*

FARR and ROBERTS, JJ., concur.