Weygandt, C. J.
 

 This is another of the rather frequent cases in which there is no dispute as to either the law or the controlling facts. The controversy lies in the application of the pertinent law to the particular facts.
 

 Ohio follows the fundamental common-law rule that in an ordinary tort action the injured plaintiff may not recover from the defendant, even though negligent, if the plaintiff, too, was guilty of negligence proximately contributing to cause his own injury. 29 Ohio Jurisprudence, 501, Section 83.
 

 In the majority opinion of the Court of Appeals in the instant case it is stated that “the most serious question in the case is raised by the contention of the defendant that the plaintiff was guilty of negligence proximately contributing to his injury, upon authority of
 
 Flury
 
 v.
 
 Central Publishing House,
 
 118 Ohio St., 154, and
 
 McKinley v. Niederst,
 
 118 Ohio St., 334. Two members of this court are of the opinion that the facts in the instant case are sufficiently similar to those presented in
 
 Auferheide
 
 v.
 
 Thal,
 
 77 Ohio App.,
 
 *479
 
 96, 63 N. E. (2d), 329, wherein the court in its opinion draws a distinction between stepping into absolute darkness and stepping into semi-darkness. Since in the instant case plaintiff did not step into absolute darkness, the
 
 Flury
 
 and
 
 McKinley cases
 
 do not apply. Although individual members of a Court of Appeals may be of the opinion that a person who steps into semi-darkness is guilty of a higher degree of negligence than one who steps into absolute darkness, nevertheless Courts of Appeals are bound conclusively by the decisions of the Supreme Court.”
 

 In the opinion of the dissenting member of the Court of Appeals in the instant case appears the following comment:
 

 “I disagree with the conclusion of the majority that the contributory negligence of the plaintiff and whether such negligence was the proximate cause of his injuries were questions for the jury. In
 
 Auferheide
 
 v.
 
 Thal,
 
 77 Ohio App., 96, the court draws a distinction between stepping into absolute darkness and stepping into semi-darkness. It seems to me that one who steps into semi-darkness is chargeable with an even higher degree of negligence than one who may step into absolute darkness. * * * The majority of the court misinterprets the application of the third syllabus in the
 
 Flury case
 
 and the second syllabus in the
 
 McKinley case.
 

 *****
 

 “An analysis of the facts involved in
 
 Flury
 
 v.
 
 Central Publishing House,
 
 118 Ohio St., 154,
 
 Theater Co.
 
 v.
 
 Lautermilch,
 
 118 Ohio St., 167, and
 
 McKinley
 
 v.
 
 Niederst,
 
 118 Ohio St., 334, fails to show that the Supreme Court intended to make any distinction between absolute darkness and semi-darkness such as made in the
 
 Auferheide case.
 
 On the other hand, the Supreme Court did draw a distinction between one opening a door and falling into darkness and one opening a door
 
 *480
 
 and volunartily stepping into darkness without any precautionary measures.
 

 “In the
 
 Flury case
 
 as in the instant case there was no warning sign on the door. Plaintiff testified that the door was a metal-covered sliding door; that it was closed; that he walked up to it and opened it, and in back of it he found total darkness; that in the absence of an emergency or an occasion for haste, without thought or hesitation, without investigation, information or knowledge of what was concealed by the darkness, he stepped into that darkness and was precipitated to the bottom of the shaft to his injury. In its opinion the court says:
 

 “ ‘his testimony that after opening the door he took one step into total darkness, without investigation by sense of touch, procuring of a light, inquiry from the defendants’ employees close at hand, or in any other manner, raises an inference of absence of that degree of care on his part that an ordinarily prudent man would have exercised under the there existing circumstances — an inference of negligence on his part proximately contributing to his injury.
 

 “ ‘He did not fall because of the unlocked door, but because of the “one step” he took into the darkness. * * * It is not claimed by the plaintiff that he was precipitated into the shaft by the process of opening the door, which should have been locked, but that he was precipitated by a step into the darkness.’.
 

 “In the
 
 Theater case
 
 the court says:
 

 “ ‘Therefore there was no negligence on her part in the opening of the door. If her fall and consequent injury were the direct result of the opening of the door, not aided by any other voluntary act upon her part, her injury could not be attributed in part to her own negligence, since up to and including the act of opening the door she had conducted herself in the exact manner she believed, and had a right to believe,
 
 *481
 
 she had been invited to act, and in the manner an ordinarily prudent person would act under the same or similar circumstances.
 

 ‘ ‘ ‘ The question then of the inference of contributory negligence on her part was dependent upon whether any of her evidence tended to prove that she fell in the process of, and as a direct result of, opening the door, or whether all of her evidence tended to prove that she fell as a result of advancing into the unlighted stairway. ’
 

 “The court then proceeds to review her testimony and concludes that after viewing her testimony in its most favorable light that she fell as a result of opening the door and not as a result of advancing into darkness. It is to be observed that the degree of darkness is immaterial but the real question is whether an invitee has exercised ordinary care in stepping into darkness.
 

 “In the instant case plaintiff’s evidence fails to show that he exercised any precaution to ascertain whether he could enter the elevator without danger. The door was locked. Plaintiff unlocked it, slid it back, thought he saw the elevator floor and stepped into darkness. As I construe the Supreme Court cases, had plaintiff in the instant case incident to opening the elevator door fallen into the shaft, the question of his negligence would be one for the jury. But, since he voluntarily stepped into darkness without any precaution, whether it be absolute or semi-darkness, he was thereby guilty of contributory negligence as a matter of law.
 

 1$ S& &
 

 “In view of the foregoing it seems to me that the motion of the defendant to direct the jury to return a verdict in its favor at the conclusion of plaintiff’s case and at the conclusion of the entire case should have been granted # *
 

 Which of these views is correct?
 

 
 *482
 
 The plaintiff is a dentist with an office on the fourth floor of the defendant’s building. Although the above-mentioned date was Sunday, the plaintiff decided to finish certain work at his office. The building was closed, but each tenant was provided with a key to the front entrance. In the lobby were two elevators side by side. The north one was in regular use for passenger service alone and was manned by an experienced operator during office hours. During other hours the electric current was turned off, and that elevator could not be operated. The south elevator was available at all times. It was used to carry freight and also for emergency passenger service. Usually it was operated by the janitor, and when it was not in use the door was kept locked. To open the door the janitor used a slender piece of steel which was kept hanging on a radiator in the lobby. Some of the tenants were aware of the piece of steel or “key” and used it to unlock the door and operate the south elevator themselves. These tenants also prepared a small card bearing substantially the words “Danger, elevator in use.” When the tenants used this elevator to go to an upper floor they usually placed this card on the elevator door in the lobby. At one end of the lobby was a light that was intended to be kept burning at all times. In front of the elevators was another light that could be turned on when an elevator was to be used. Some daylight entered the lobby.
 

 The plaintiff testified that when he went into the building that afternoon no light was burning in the lobby but some light entered from the outside. No card was on the door. Without turning on either light in the lobby he obtained the piece of steel, unlocked the door, opened it, stepped into the semi-dark shaft and fell to the bottom.
 

 Whether it is more negligent to step into semidarkness is an interesting question for academic dis-
 
 *483
 
 mission but one that need not be decided in this case. However, this court is unanimously of the opinion that in either event such conduct constitutes negligence. It is dangerous and is a failure to exercise the care of an ordinarily prudent person for his own safety.
 

 In both the
 
 Flury
 
 and
 
 Lautermilch cases, supra,
 
 the plaintiffs entered buildings open to the public; they passed through inner doors that were
 
 not
 
 locked; and neither plaintiff knew that there ivas a stairway or elevator shaft beyond those doors. In the instant case the plaintiff entered a locked building; the inner door through which he passed was locked; and he knew there was an elevator shaft beyond that door. Each of these facts was a warning. It is true that he said he
 
 thought
 
 he saw the elevator floor after he unlocked and opened the door. However, in this he was mistaken, inasmuch as the elevator was not there, and yet he made no effort to turn on the light located directly in front of the elevators with a pull cord attached to it. Under these circumstances it must be held that the plaintiff did not exercise ordinary care for his own safety and that his negligence was a proximate cause of his fall and injury.
 

 Hence, the trial court should have directed a verdict in favor of the defendant at the conclusion of the plaintiff’s evidence. However, this error was not prejudicial, inasmuch as the jury itself returned a verdict for the defendant and a judgment was rendered, accordingly. The Court of Appeals was in error in reversing that judgment. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.