Burkland, Appellant, *v.* Darin & Armstong, Inc., Appellee.

(No. 5076—Decided June 10, 1954.)

*Messrs. Coughlin, Ogier & Lloyd,* for appellant.
*Messrs. Vorys, Sater, Seymour & Pease,* for appellee.

Wiseman, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, directing a verdict for defendant at the close of plaintiff's case.

In the summer of 1951, the North American Aviation Company occupied a large building, which was formerly used by the Lustron Corporation. The defendant, Darin & Armstrong, Inc., was engaged as an independent contractor by the aviation company to remove machinery. Large quantities of heavy machinery were scattered all over the building. Well-de-

fined aisleways extended north and south and east and west across the building. The defendant's employees worked only in the daytime, and had no control over the lighting or other use of the building. The building was approximately 1,400 feet in length, 600 feet in width, and from 40 to 60 feet in height. No light from the outside entered the building.

Plaintiff was employed by the aviation company as a night watchman, it being his duty to patrol the building at night. The building was so dark that it was necessary for the plaintiff to use a flashlight furnished by the employer, which he switched off and on intermittently to see where he was walking. At night while walking between the aisles where machinery had been piled, he fell into a pit from which the defendant had removed a heavy piece of machinery. The pit was not barricaded on three sides. At the time the plaintiff fell he was not using the flashlight, and he could not see the floor or anything in front of him. There is some evidence that on the day before plaintiff was injured, an employee of the aviation company suggested to an employee of the defendant that a certain pit be barricaded. However, the identity of the person was not disclosed, nor was the location of the pit or place determined. The evidence does not show that defendant had any knowledge anyone would be patrolling the building at night, or would walk around in the building except in the aisleways.

Plaintiff, in his petition, charges that defendant was negligent in failing to barricade the pit and in failing to furnish sufficient light in the building to enable the plaintiff to see where he was walking. Defendant's answer was mainly a general denial and an allegation that plaintiff's injuries were due to his own negligence.

At the close of plaintiff's case, defendant moved for

a directed verdict. The court, in sustaining the motion, held that the evidence showed the plaintiff to be guilty of contributory negligence as a matter of law.

The evidence shows that the pit was not adjacent to any passageway or aisle. The evidence most favorable to the plaintiff was to the effect that the pit was 20 feet from one of the main aisles.

The plaintiff testified as follows:

"Q. Now, as you walked along on your patrol duty, at this particular time, or immediately prior to the accident, was there sufficient light in this building to distinguish the difference between the pit and the floor? A. No, sir."

On cross-examination, the plaintiff testified as follows:

"Q. As you approached this place where you fell, could you see the floor in front of you? A. Not without lights, no.

"Q. And there were no lights at that time? A. No, sir.

"Q. And you were using this flashlight as you approached this place where you fell? A. Periodically, yes, I was flashing it off and on.

"Q. Well, how long was it before the time you fell that you last used the flashlight? A. Well, I flashed the light and assumed that the way was clear, I saw no obstructions in my path.

"Q. Then you walked ahead? A. That is right, sir.

"Q. And you were in darkness at that time? A. Yes.

"Q. And as you were walking in the darkness, you suddenly stepped in a hole in the floor, is that right? A. Correct.

"' * * *

"Q. It wasn't light enough so that you could see it, was it? A. It wasn't light enough.

"Q. That is, it wasn't light enough so that you could distinguish between what was floor and what wasn't floor, is that right? A. That is right.

"Q. Now, how far was the place where you fell from the aisleway along the south edge of the building? A. From the aisleway along the south edge of the building?

"Q. Yes. A. To the best of my knowledge, I would assume that it was probably 20 or 25 feet.

"* * * *

"Q. Mr. Burkland, you couldn't see where you were going at the time you stepped into this place where your foot went in, could you? A. You couldn't distinguish the pit from the floor, no."

Without determining the question as to whether the defendant owed the plaintiff any duty to barricade the pit or light the room, we conclude that this case falls within the principle of law laid down in *Johnson* v. *Citizens National Bank of Norwalk,* 152 Ohio St., 477, 483, 90 N. E. (2d), 145, 34 A. L. R. (2d), 1361. In taking not only one but a number of steps into darkness the plaintiff was guilty of negligence as a matter of law, which would preclude recovery.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.