Taft, J.
As we view it, the only question involved in the instant case is whether reasonable minds could determine that plaintiff was not guilty of contributory negligence, or, in other words, that she was, at the time of her injury, exercising ordinary care.
It may be observed that the conclusion of the Court of Appeals (that reasonable minds could determine that plaintiff had exercised ordinary care) does not require us either to reach a similar conclusion or to decide that such a conclusion is one which could not be reached by reasonable minds. The Court of Appeals by its judgment did not find as a fact from the evidence in the instant case that plaintiff had exercised ordinary care. It merely determined that reasonable minds could have so found.
We are in agreement with the contention of defendant and the conclusion of the trial court that it is at least as, if not more, negligent for a person to step into a plainly visible hole in broad daylight as for such person to step in darkness into that hole when he cannot see it. However, as the trial court recognized and plaintiff argues, the question still remains in the instant case whether the plaintiff, in the exercise of ordinary care, was as a matter of law required to look before she stepped through the door and into the hole. She was not, at the time of her stepping, confronted with the potential danger of an elevator shaft (see Flury v. Central Publishing House of Reformed Church in United States, 118 Ohio St., 154, 160 N. E., 679, and Johnson v. Citizens National Bank of Norwalk, 152 Ohio St., 477, 90 N. E. [2d], 145, 34 A. L. R. [2d], 1361) or even with the possible dangers which might be lurking in some place where she had not *358 previously been (see Painesville Utopia Theatre Co. v. Lautermilch, 118 Ohio St., 167, 160 N. E., 683*).
In reaching its determination that ordinary care did not require plaintiff as a matter of law to look before she stepped through the door and into the hole, the Court of Appeals stated that this “is a case where the plaintiff was walking upon a known course where she had no reason to anticipate danger.” In substance, this is plaintiff’s position. It may be that plaintiff would not as a matter of law be required to look in such a case before she stepped through the door and into the hole (but see McKinley v. Niederst, 118 Ohio St., 334, 160 N. E., 850). However, we do not believe that the evidence discloses any such case.
Although plaintiff may not have known or anticipated any change in the particular building where she fell, all the evidence discloses that there was a considerable amount of work being conducted on these premises, that that work involved substantial physical changes of the premises, and that plaintiff knew about that work and that it involved such changes. In other words, she cannot reasonably argue that she was lulled into a feeling of security by any reasonable belief that everything was sure to be just the same in the building where she fell as it had been when she was there several days before. Cf. the borderline case of Union News v. Freeborn, 111 Ohio St., 105, 144 N. E., 595, where the condition of premises was changed shortly after plaintiff had previously passed over them and just before she was injured.
Our conclusion is that one who, without looking, steps through a door into a room and is injured by stepping into a hole which he could easily have seen if he had looked cannot recover for such injuries unless it appears that reasonable minds could conclude, that such person had every reason to anticipate that there would be no potential danger in so stepping.
Plaintiff relies on the case of Kokinos v. Ohio Greyhound. Inc., 153 Ohio St., 435, 92 N. E. (2d), 386. However, that case *359 was an action by a passenger against a common carrier. A common carrier owes tbe highest degree of care to a passenger. Jones v. Youngstown Municipal Ry. Co., 133 Ohio St., 118, 12 N. E. (2d), 279. Since snch a plaintiff may rightfully assume that such a defendant will exercise that degree of care (see Swoboda v. Brown,129 Ohio St., 512, 196 N. E., 274), that factor was undoubtedly considered by this court in determining in that case that there was a question for the jury whether the plaintiff therein had exercised ordinary care.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart and Herbert, JJ., concur.
Matthias and Bell, JJ., dissent.

A reading of the opinion in that case indicates that it would probably have been decided by this court against the plaintiff except for the scintilla (included in her conflicting testimony) that tended to indicate her fall was not the result of a voluntary step,