Per Curiam.

It clearly appears from the record that the apartment in which plaintiff was working was, at the time, vacant and in a state of being repaired, with building materials piled in the kitchen, all to the knowledge of plaintiff.
Plaintiff, not the defendant, furnished the basket she was using to carry out the debris.
She testified as follow's:
“Q. What shape was this basket? A.'Tt was one of those round bushel baskets. ( 6 * # *
“A. * * * I used it when I dampened my clothes. That is what I used it for, but I didn’t have nothing else and so I used the basket.
“Q. You got this from your apartment? A. Prom my place.”
In describing the occurrences leading up to the time of the accident, plaintiff testified as follows:
“A. * * * I picked up the bushel basket by the handles and started out, and my left heel caught in the linoleum and throwed me * # *. ( ( # # *
“Q. How did you carry this bushel basket, Goldie; describe it? I i * # #
“A. I had it in front of me. I picked it up with the two handles and started out with it.
“Q. At what level were you carrying the basket? A. W.ell, I had it up about here I guess.
“Q. That is at your waist and above? A. Uh-huh.
“Q. What shape was the basket? A. It was one of those round bushel baskets.
*592 “Q. What type of shoes were you wearing that day? A. 1 had high heels on that day.
“Q. How high were they? A. Oh, it was like Cuban heels.”
On cross-examination plaintiff testified as follows:
“Q. Now how big was this bushel basket you were carrying? A. Well, it was a, one of the big round ones. * *
“Q. Was it heavy? A. It was heavy with the paper; yes.
“Q. Just with paper in it it wouldn’t be too heavy? A. It was too heavy. I had it filled a way up with all the paper. ti* # *
“Q. Do you mean to say you didn’t look at all when you went down the steps — A. I couldn’t.
“Q. (Continuing) when you were preparing to go down the steps? A. I couldn’t. I had the bushel basket in front of me. I didn’t go out there to look. ÍÍ# # *
“A. I couldn’t see ahead of me. I had the basket up over —the bushel basket about that high. I had the stuff right in the basket. tt * # #
“Q. And when you came out this day through the kitchen you were walking and holding the bushel basket in such a way that you didn’t see the front or anything in front of you, isn’t that correct? A. That’s right, I couldn’t see the front. (i# * *
“Q. And you didn’t look? A. How could you look with a basket—
“Q. That isn’t it; you didn’t look? A. No, I didn’t look. ÉÉ# * *
“Q. * * * When you started out with the bushel basket from the front room, from the time you lifted the bushel basket up to the time you fell, you were not able to see where you were going. A. I wasn’t able to see; no.”
It clearly appears from plaintiff’s own testimony that, as a matter of laiv, her own negligence was a direct and proximate cause of the accident and resultant injury, warranting a directed verdict for the defendant. Johnson v. Citizens Natl. Bank of *593 Norwalk, 152 Ohio St., 477, 90 N. E. (2d), 145, 34 A. L. R. (2d), 1361; Fogle v. Shaffer, 167 Ohio St., 353, 148 N. E. (2d), 687.
The conclusion to which this court has come on the issue of plaintiff’s negligence makes it unnecessary to consider the other errors assigned.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.