HANLEY, PLAINTIFF-APPELLANT, *v.* J. C. PENNEY CO., A DELAWARE CORPORATION, DEFENDANT-APPELLEE.

Ohio Appeals, Tenth District, Franklin County.

No. 6766. Decided July 31, 1962.

114

*Messrs. Lucas, Prendergast, Albright & Warren, Mr. Robert E. Albright*, of counsel, for plaintiff-appellant.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Harry Wright, III* and *Mr. James E. Pohlman*, of counsel, for defendant-appellee.

DUFFY, J.    This case was commenced in the Municipal Court of Columbus, Ohio, and the trial judge, at the end of the plaintiff's case, directed a verdict in favor of the defendant for the reason that the evidence failed to disclose any negligence on the part of the defendant, and for the further reason that the evidence also indicated that the plaintiff was guilty of negligence.    From a judgment entered on the verdict, the plaintiff has appealed to this court and has made the following assignments of error:

1. The order of the trial court in sustaining defendant's motion for a directed verdict was contrary to law.

2. Such order was against the manifest weight and sufficiency of the evidence.

The transcript of testimony indicates that the plaintiff-appellant herein, went to the defendant-appellee's store in the Great Southern Shopping Center to make application for work. She was directed by an employee to a stairway which led to the second floor where the store offices were located. She went up the stairs and testified that the stairway was well lighted. After making application for employment she testified that she left the office which was well lighted, opened the door to

descend the stairs and did not notice that the stairway was unlighted until after the door had closed behind her. In the dark she lost her balance and fell down the flight of stairs sustaining injuries. The testimony indicates that the stairway was artificially lighted, there was no window, and the doors were solid and kept closed at both ends. There is no testimony as to why the lights were out when it came time for her to descend the stairs but there was testimony that the lights were controlled by switches inside the door at both levels of the stairway. It is indicated that she did not realize that the lights were out as there was sufficient light from the office hallway until the door closed behind her.

There was nothing offered in evidence to indicate that the defendant had knowledge of the darkened condition of the stairway or that one of the employees or agents of the defendant caused the situation, or that it was maintained by the defendant for such a period of time that defendant should have had knowledge of the darkened condition of the stairway. Further, there is no allegation or proof in regard to the location of the light switches that indicates negligence on the part of the defendant, and we are of the opinion that the trial judge properly concluded that the evidence offered failed to show any negligence on the part of the defendant.

As to the trial judge's finding that the plaintiff was negligent, we disagree with this finding as there is no clear evidence of a "step in the dark" situation and, based on the testimony, we believe that it would be a jury question as to whether or not plaintiff, having discovered she was in a darkened stairway, acted as a reasonably prudent person thereafter. See *Flury* v. *The Central Publishing House of Reformed Church in the U. S.*, 118 Ohio St., 154; *Johnson* v. *The Citizens National Bank of Norwalk*, 152 Ohio St., 477; *McKinley* v. *Niederst*, 118 Ohio St., 334; *The Painesville Utopia Theatre Co.* v. *Lautermilch*, 118 Ohio St., 167; and *Johnson* v. *The Wagner Provision Co.*, 141 Ohio St., 584, 49 N. E. (2d), 925.

In view of our sustaining of the trial court's finding of the absence of negligence on the part of the defendant-appellee, we affirm the judgment of the trial court.

Duffey, P. J., and Bryant, J., concur.