Plaintiff-appellant Mitzi Provateare ("appellant") appeals from the summary judgment entered by the trial court in favor of defendants-appellees Hausman Company and Turney Town Shopping Center ("appellees") arising out of appellant's claim for injuries suffered when she tripped and fell in appellees' parking lot. Appellant claims that disputed issues of material fact preclude summary judgment. We find no error and affirm.
The facts giving rise to this appeal are as follows. At dusk, in the early evening of October 16, 1993, appellant, accompanied by her grandson, parked her car in appellees' parking lot near the Finast store. She and her grandson walked across the parking lot to the stairs adjacent to the parking lot which led to the football stadium of Garfield Heights Middle School. The stairs are owned and maintained by the Garfield Heights Board of Education. A low, rounded, blacktop curbing surrounds the parking lot. At the top of the stairs there is a concrete pad; however, the curbing continues between appellees' parking surface and the Board of Education's concrete pad.
Appellant and her grandson walked from the parking area over this hump to the stairs without incident and descended the stairs to attend a football game. At halftime, approximately, 8:20 p.m., appellant and her grandson left the game to shop at the Finast store. It was dark outside when they ascended the same stairs, where, at the top of the stairs, appellant stubbed her toe on the curb-like "hump" and fell, causing injuries.
On January 25, 1997, appellant initiated this re-filed action alleging that the negligence of appellees to properly construct, maintain and light the parking lot was the proximate cause of her injuries. On June 5, 1997, appellees moved the court for summary judgment asserting that no liability for negligence should lie against them because appellant was merely a licensee because her use of the parking facility derived solely from her non-business purpose of attending the football game. Alternatively, appellees asserted no liability should lie against them because the curb was an open and obvious condition of which appellant had constructive notice. Appellant responded that as a business invitee she was owed the duty of ordinary care, the hump was neither open nor obvious, no warnings were posted, she had no prior knowledge of the hump, the lighting was inadequate and the hump constituted an "unreasonably dangerous" condition. Appellees filed a reply brief and, on February 6, 1998, the trial court granted judgment in favor of appellees. This appeal follows in which appellant advances a single assignment of error.
 I. THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEES' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 (C) OF THE OHIO RULES OF CIVIL PROCEDURE WHEN THE EVIDENCE AND STIPULATIONS OF THE PARTIES CLEARLY SHOW THAT THERE EXIST GENUINE ISSUES OF MATERIAL FACT AND THAT THE APPELLEES ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
In this appeal, appellant challenges the decision of the trial court which granted summary judgment in favor of appellees, complaining that questions of fact regarding appellant's status, whether the condition was open and obvious and whether appellant had prior knowledge of the condition, preclude summary judgment.
This court reviews the lower court's grant of summary judgmentde novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as a trial court which test is set forth in Civ.R. 56 (C) which specifically provides that before summary judgment may be granted it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc., (1977), 50 Ohio St.2d 317, 327.
Moreover, it is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt (1996), 75 OhIo St.3d 280, 293. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In accordance with Civ.R. 56 (E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.Dresher, supra at 293; Celotex, supra at 322.
Appellees first argue in their motion for judgment that appellant was merely a licensee and, thus, they are not liable for ordinary negligence as pled by appellant. Athough we agree that appellant's use of the stairs and the adjacent parking area did not derive from a "business purpose" and, as such, appellant's status at the time of the injury would be that of a licensee, we recognize that appellant rebutted this assertion both by affidavit and deposition testimony claiming that she was a "business invitee" on the property within the ownership or control of the appellees when she fell. Thus, we shall consider the evidence presented in a light most favorable to appellant, the non-moving party, and shall consider appellant a "business invitee" owed a higher standard of care by appellees in our analysis of the issues.
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75. An owner or occupier owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to protect or warn an invitee from or against known or hidden dangers. Paschal v. RiteAid Pharmacy (1985), 18 Ohio St.3d 203. Thus, constructive knowledge of a danger with the subsequent failure to take care to avoid any peril associated with it operates to relieve the owners of liability. Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1;Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60. Where a hazard is not hidden from view or concealed and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against a claimant.Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49. Further, "`[d]arkness' is always a warning of danger, and for one's own protection may not be disregarded. [Citation omitted]." Jeswaldv. Hutt (1968), 15 Ohio St.2d 224, 227. "One who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night." Jeswald, id. at paragraph one of the syllabus.
In their motion for summary judgment, appellees rely upon appellant's deposition testimony to show that she had used the staircase on several occasions and as prior usage of the staircase involved crossing the curbed area, appellant was on notice of the curb's existence. Moreover, appellant testified that she had no knowledge of any defect or hazardous condition. Thus, appellees asserted that they had no duty to warn appellant and they were entitled to judgment as a matter of law on appellant's claims of negligent construction and maintenance of the parking lot. Further, appellees asserted that as a matter of law, they were under no duty to provide lighting for the area of appellant's fall. Thus, appellees fulfilled their burden as required by Dresher v. Burt, supra, to identify areas in the record showing that no genuine issue of fact exists in the record. Appellant, in response, merely denied that she had knowledge of the condition which she claimed, without providing evidentiary support, was unreasonably dangerous.
Our review of the record demonstrates that although appellant denied any specific recollection of the hump at that location, she had walked over the same area of the parking lot and used the stairs on previous occasions, which necessitated her crossing the hump. Moreover, before darkness had completely fallen, only one and one-half hours prior to her fall, appellant had walked over the same "hump" on her way to the stairs without incident. At deposition, appellant stated that she was not looking down and did not see the hump when her toe hit it, causing her fall. She testified that the only reason that she did not see the hump at the time of the fall was due to "inadequate lighting" in the parking lot. Appellant produced no evidence to demonstrate that the curbing created an unsafe condition and that appellees had knowledge of such unsafe condition. Moreover, appellant presented no evidence to show that the curbing was "unreasonably dangerous," thus, requiring appellees to provide some warning. But for the hump being concealed by darkness, appellant provided no evidence that the hump was defective.
Therefore, upon review of the evidence and based upon appellant's own testimony, we find that appellant has failed to show that the curbing constituted a latent defect or that it was unreasonably dangerous. Thus, even when we view the evidence most strongly in favor of appellant, we cannot find that appellees owed a duty to warn appellant of a condition which was so open and obvious that she should be reasonably expected to discover and protect herself. Finally, in accordance with Jeswald, supra,
we find appellees were under no obligation to illuminate the parking surface and we conclude that appellant's allegation of inadequate lighting is irrelevant to appellees' liability. As such, appellant has failed to put forth sufficient evidence to create a question of fact as to whether appellees breached a duty owed to her as an invitee.
If there is no duty, the owner or shopkeeper cannot be negligent. Anderson v. Ruofff (1995), 100 Ohio App.3d 601. Where there is no negligence, i.e., breach of duty, the issue of proximate cause is never reached. See Wicichowski v. GladieuxEnterprise, Inc. (1988), 54 Ohio App.3d 177. Accordingly, we find no genuine issue of material fact exists on the issue of premises liability and appellees are entitled to judgment as a matter of law. Appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
 JOHN T. PATTON, J. and MICHAEL J. CORRIGAN, J.,CONCUR.
N.B. This entry is an announcement of the court's decision. See App. R. 22 (B), 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App. R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1)