# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

ARTHUR T. MAHONEY *vs.* HOUGHTON & RICHARDS, INC. & others. February 26, 1964. Interlocutory decrees and final decree affirmed. The plaintiff appeals from interlocutory decrees sustaining the demurrers of Houghton & Richards, Inc., and John S. Flynn to the substitute bill of complaint and from a final decree dismissing the bill as to them. This minority stockholder's bill attempts to plead wrongful acts on the part of Flynn and William A. Mahoney in their capacities as officers and directors of the corporation. Very general allegations that the two drew excessive salaries and conspired to transfer a majority of the corporate shares to Flynn constitute the heart of the complaint. Even the bill's most definite allegation, that Mahoney "performed no services or no services of value," involves a conclusion. The bill does not satisfy the requirement of G. L. c. 214, § 12, that "[t]he material facts and circumstances relied on by the plaintiff shall be stated briefly, and immaterial and irrelevant matters omitted." See *Christiansen* v. *Dixon,* 271 Mass. 475. Any allegations of significant facts in the lengthy bill are so confused with unsubstantiated conclusions of fact and law and surplusage that the defendants ought not to be required to answer.

    *Meyer H. Goldman (Benjamin Goldman* with him) for the plaintiff.
    *George T. Finnegan* for the defendants.

LLOYD W. WARREN *vs.* SQUIRE ROAD CABIN, INC. February 26, 1964. Exceptions overruled. The evidence most favorable to the plaintiff, a business invitee of the defendant, shows that after dark on a chilly October evening he stepped from his car into a "hole" in the rough, hard gravel surface of the parking area at the defendant's eating establishment in Revere, and was injured. There were no lights in the area. Following the exclusion of numerous questions as to what the plaintiff had then observed, offers of proof were made that at the point where the plaintiff stepped there was "an automobile tire hole . . . 2–3 inches deep, 12 inches long, and 8–10 inches wide . . . ." There was no error in directing a verdict for the defendant at the close of the plaintiff's evidence. In the circumstances disclosed there was no duty on the defendant to provide illumination for the parking area. The condition of darkness was obvious to the plaintiff. Furthermore, neither in the evidence nor in the offers of proof was there anything to indicate that the defendant knew or had reason to know of a condition which might prove dangerous to its customers. See *Dunn* v. *Sammet,* 335 Mass. 162, 163.

    *Thomas D. Kenna, Jr.,* for the plaintiff.
    *Robert W. Cornell* for the defendant.