Jeswald, Appellee, *v.* Hutt et al., Appellants.

[Cite as Jeswald v. Hutt, 15 Ohio St. 2d 224.]

(No. 41355—Decided July 17, 1968.)

Mr. *Bernard J. Wilkes* and Mr. *Daniel L. Rossi*, for appellee.

Messrs. *Manchester, Bennett, Powers & Ullman* and Mr. *John H. Ranz*, for appellants.

ZIMMERMAN, J.  The evidence shows that in the late afternoon of January 7, 1963, plaintiff, a widow in her fifties, her daughter-in-law and the latter's six-month-old daughter paid a professional visit to one of the defendants, Dr. Hovanic, for treatment of the infant.  They left the doctor's office by the rear door of the building at about

6 p. m. It was then dark, and the parking area where they had left their automobile was covered with frozen slush— the freezing having occurred during the time they were in the doctor's office. Plaintiff was immediately aware of the darkness and that an extremely slippery condition existed. She testified that "it was real slippery, no lights, pitch dark, you couldn't see your hand in front of you." With the infant in her arms and her daughter-in-law walking beside her, plaintiff slipped or tripped and fell as she neared the automobile.

On direct examination, plaintiff testified:

"* * * and all at once I hit something and I went down * * *. When I tried to get up, I couldn't, and I touched the hump, or whatever was there."

According to two photographs introduced in evidence as exhibits and testimony relating to the subject, the so-called "hump" consisted of a low crown or ridge extending across the joinder of an older and newer part of the parking lot, at the termination of a slight upgrade. It was the kind of condition which comes within the classification of a "minor imperfection"— one reasonably to be anticipated on a traveled surface, and for the existence of which there is ordinarily no liability. *Helms* v. *James Dickey Post No. 23, American Legion, Inc.*, 5 Ohio St. 2d 60, 213 N. E. 2d 734. Attention is also directed to the Ohio cases collected and commented upon by Taft, C. J., in his dissenting opinion in *Smith* v. *United Properties, Inc.*, 2 Ohio St. 2d 310, 209 N. E. 2d 142.

It was elicited from plaintiff upon cross-examination that she did not notice or discover any underfoot unevenness until *after* she fell.

The dissenting judge in the Court of Appeals remarked in his opinion:

"A review of the testimony and defendants' exhibits No. 1 and No. 2 [the photographs] convinces me that the defendants were not negligent in the claimed respects. The testimony as to the 'lump' in the parking lot does not establish that such 'lump' (or 'hump,' as it is so referred to by counsel) was a factor relating to the fall, resultant in-

juries and damages. No other factors are present to remove this case from the ordinary fall down on a natural accumulation of ice and snow. * * *''

In the case of *Sidle* v. *Humphrey*, 13 Ohio St. 2d 45, 233 N. E. 2d 589, this court held in the second and third paragraphs of the syllabus:

''2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them. (*Debie* v. *Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St. 2d 38, approved and followed.)

''3. Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises. (Paragraph two of the syllabus in *Debie* v. *Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St. 2d 38, approved and followed.)''

Defendants were not guardians of plaintiff's person or insurers of her safety, and they were under no legal obligation to light the parking area or to remove the natural accumulation of ice and snow therefrom. *McKinley* v. *Niederst*, 118 Ohio St. 334, 160 N. E. 850, and *Debie* v. *Cochran Pharmacy-Berwick, Inc., supra* (11 Ohio St. 2d 38, 227 N. E. 2d 603).

It was squarely held in the case of *Warren* v. *Squire Road Cabin, Inc.*, 347 Mass. 764, 196 N. E. 2d 927, that the owner of an eating establishment had no duty to provide illumination in the parking area he maintained for his business invitees. The court there said that ''the condition of darkness was obvious to the plaintiff.''

''Darkness'' is always a warning of danger, and for one's own protection it may not be disregarded. Its disregard may preclude the recovery of damages for personal injuries. *Central Publishing House of Reformed Church* v. *Flury*, 25 Ohio App. 214, affirmed, 118 Ohio St. 154, 160 N. E. 679.

Defendants did not create the sudden and natural ac-

cumulation of frozen slush in the parking area, nor were they obliged to remove it. Moreover, defendants did not otherwise create or permit a hazard on their premises which would subject them to liability.

Here, plaintiff realized that it was dark and that an exceedingly slippery condition existed, and, when she ventured across the parking lot with the infant in her arms and with full knowledge of those conditions, she assumed the risk of a fall. If, on any hypothesis, defendants can be charged with negligence—the breach or violation of any legal duty they owed plaintiff—plaintiff herself, in the described circumstances, was chargeable with negligence which was a direct contributing cause of her misfortune. See *Johnson* v. *Citizens National Bank of Norwalk*, 152 Ohio St. 477, 90 N. E. 2d 145, 34 A. L. R. 2d 1361, and the cases cited and discussed therein. Compare *Fogle* v. *Shaffer*, 167 Ohio St. 353, 148 N. E. 2d 687.

Although plaintiff presents a situation which evokes sympathy, from a legal standpoint the trial court correctly rendered judgment for the defendants, and the Court of Appeals erred in reversing that judgment. Therefore, the judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas in favor of the defendants is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL and BROWN, JJ., concur. HERBERT and SCHNEIDER, JJ., dissent.