OPINION
Appellants Dan and Jodi Squires appeal the decision of the Richland County Court of Common Pleas that granted summary judgment on behalf of Appellee John Whatman. The following facts give rise to this appeal. During the late hours of June 28, 1998, appellant went to Dudley's Tavern in Bellville. While at the tavern, appellant saw some friends from high school including Appellee John Whatman. At approximately 1:00 a.m., appellant left the tavern and went to property owned by Appellee Whatman located at 6533 Durbin Road in Bellville. Appellant had never been to appellee's property prior to this date. Appellant arrived at the property between 1:30 and 2:00 a.m. Prior to his arrival, appellee had warned other guests that were present that there were holes on the property. Appellant was not advised of the presence of these holes. Upon his arrival, appellant proceeded to a bonfire, in the field, located behind the house. After standing around the bonfire and drinking a beer, appellant left the area of the bonfire in order to urinate. Appellant walked approximately fifteen to twenty feet away from the bonfire and fell in a hole in the ground. As a result of the fall, appellant sustained a fractured left ankle and foot which required surgery. On December 19, 1997, appellants filed a complaint in the Richland County Court of Common Pleas seeking damages for injuries he sustained as a result of the fall. On November 6, 1998, appellee filed a motion for summary judgment. The trial court granted appellee's motion for summary judgment on February 11, 1999. Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY RULING AS A MATTER OF LAW ON THE ISSUES OF THE APPLICATION OF THE STEP-IN-THE-DARK RULE AND OF COMPARATIVE NEGLIGENCE.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY RULING AS A MATTER OF LAW ON THE ISSUES OF THE STATUS OF THE PLAINTIFF-APPELLANT AND OF BREACH OF DUTY.
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS MATERIAL ISSUES OF FACT EXISTED.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellants' assignments of error.
 I, III
We will address appellants' First and Third Assignments of Error simultaneously as we find them dispositive of this matter on appeal. In their First Assignment of Error, appellants contend the trial court erred in ruling on the application of the step-in-the-dark rule and the issue of comparative negligence. In their Third Assignment of Error, appellants maintain material issues of fact exist and the trial court should not have granted appellee's motion for summary judgment. We agree with both assignments of error. The trial court's judgment entry granting appellee's motion for summary judgment does not specifically address the issues appellants set forth in their appeal. The trial court merely concluded appellee was entitled to summary judgment based on Appellant Dan Squires' testimony. Judgment Entry, Feb. 11, 1999, at 1. However, we will address the issues appellants raise in their First Assignment of Error since we review summary judgment proceedings de novo. In order to establish a cause of action in negligence, a plaintiff must show: (1) defendant had a duty to protect the plaintiff from injury; (2) defendant breached that duty; and (3) plaintiff was proximately injured as a result of defendant's breach of duty. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. Further, the mere fact that appellant fell does not establish negligence on the part of appellee. Green v. Castronova (1966), 9 Ohio App.2d 156,161. Rather, negligence must be proven by showing a duty exists and that appellee breached that duty. Feichtner v. City of Cleveland (1994), 95 Ohio App.3d 388, 394. Appellant Dan Squires alleges appellee had a duty to warn him of the dangerous condition on his premises and claims appellee breached that duty by not warning him of the holes in the ground. Appellant relies on the general rule that darkness is always a warning, and for one's own protection it may not be disregarded. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph three of the syllabus. The disregard for darkness may preclude the recovery of damages for personal injuries. Id. at 227, citing Central Publishing House of Reformed Church in U.S.A. v. Flury (1927), 25 Ohio App. 214, 227, affirmed 118 Ohio St. 154. Appellant testified, at his deposition, concerning the issue of darkness.
 Q. Okay. What were you able to see when you turned your back to the flames?
A. Nothing, I mean it was — it was totally dark.
Q. Okay. Were you able to see the ground?
A. No, I walked right in a hole. Deposition Dan Squires at 23-24.
Appellant Dan Squires admits that when he left the bonfire, the area he walked into was totally dark and because he could not see the ground, he stepped in the hole. Appellee argues this darkness was a warning to Appellant Dan Squires to protect himself. Appellee also relies on the step-in-the-dark rule. The Ohio Supreme Court set forth the step-in-the-dark rule in the case of Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, paragraph one of the syllabus. This rules provides as follows: In Ohio, the step-in-the-dark rule of contributory negligence merely raises an inference of the lack of prudence and ordinary care on the part of a plaintiff; and, where evidence is conflicting as to the intentional nature of the step in the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances tending to disprove a voluntary, deliberate step into unknown darkness, then a factual question arises requiring a determination by the jury, and a motion for a directed verdict is properly overruled by the trial court.
Under this rule, one who intentionally steps into total darkness, without knowledge, information or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law. Id. at 276. This rule only applies to situations where a person steps from a lighted area into total darkness. Flury v. Central Publishing House of Reformed Church in U.S.A. (1928), 118 Ohio St. 154, paragraph three of the syllabus. Although the principles of comparative negligence have superseded the doctrine of contributory negligence as an absolute bar to recovery under R.C. 2315.19, this does not preclude an award of summary judgment. "Summary judgment may be granted to defendants in a negligence suit where, after construing the undisputed evidence most strongly in favor of plaintiff, a reasonable person could only conclude that the contributory negligence of the plaintiff was greater than the combined negligence of the defendants." Mitchell v. Ross (1984), 14 Ohio App.3d 75. Under a comparative negligence analysis, we find a question of material fact exists as to whether Appellant Dan Squires' decision to continue to proceed in the darkness constituted contributory negligence which was greater than the alleged negligence of appellee under the comparative negligence statute. Accordingly, we conclude the trial court erred when it granted summary judgment on appellee's behalf. Appellants' First and Third Assignments of Error are sustained.
Appellants' Second Assignment of Error is moot based on our disposition of Appellants' First and Third Assignments of Error. For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Farmer, J., and Edwards, J., concur.