DECISION.
Plaintiff-appellant Mary Rose McGowan appeals from the judgment of the trial court that granted the defendants' summary-judgment motions. McGowan had sued the defendants-appellees for injuries she sustained when she fell on stairs in the theater at the College of Mount St. Joseph.
On the night in question, McGowan was in attendance at a performance sponsored by defendants-appellees St. Antoninus Church and the Archdiocese of Cincinnati. In her affidavit, McGowan stated that she was forced to use the stairs in a darkened hallway when she needed to leave the balcony to go to the restroom. McGowan stated that she had to use that particular hallway because it was the only exit from the balcony and that there was "no light whatsoever." On her way from the balcony to the restroom, McGowan fell, breaking her right leg and left shoulder, and she spent three months in the hospital as a result. In a deposition, McGowan stated that, when she originally went up to the balcony, she had passed through the very same hallway where she had been injured, but that lights were on at that time in both the balcony and the hallway. There were no witnesses to McGowan's fall or to the lighting conditions at that time.
Shortly after McGowan was found at the bottom of the stairs, a Mount St. Joseph security officer, Joseph J. Weber, was advised that a woman had fallen in the balcony area. In Officer Weber's deposition, he stated that within a minute he was at the accident site. He stated that he could see McGowan on the floor, but that he wanted more light and turned on light switches immediately at hand. He stated that he asked a woman he called Teri, "[I] asked her why all the lights were, you know, why it was so dark in the balcony area." Therese M. Hoehn, a member of St. Antoninus Church, was a volunteer acting as a house manager for the performance. In her deposition, she denied turning out any lights. She stated that when she arrived at the location where McGowan had fallen, the overhead lights in the hallway were on, but she did not note whether the recessed light above the two steps leading directly up to the balcony were on or off.
In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury.[1] The existence of a duty is fundamental to establishing actionable negligence because if there is no duty, then no legal liability for negligence can arise.[2] The existence of a duty in a negligence action is a question of law for the court to determine.[3] If a court determines that a landowner owes no duty, issues of comparative negligence are not reached.[4] A defendant's duty depends upon the relationship between the parties and the foreseeability of injury to the plaintiff.[5] Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm.[6] A plaintiff's contributory negligence in failing to protect himself from an open and obvious danger does not automatically bar him from recovery for damages directly and proximately caused by a defendant's negligence.[7] Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion.[8] Under the comparative-negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages.[9] A plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants.[10]
On appeal, McGowan raises two assignments of error. In the first assignment of error, McGowan contends that the trial court erred by granting the defendants' motions for summary judgment. In the second assignment of error, McGowan contends that the trial court abused its discretion in striking the affidavit of Thomas R. Huston, Ph.D., and denying McGowan's motion for relief from judgment.
McGowan claims, and the defendants-appellees do not dispute, that she was a business invitee. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.[11] An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property.[12] For a business invitee to recover for a fall claimed to have been caused by the condition of the premises, the invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition on the premises.[13]
The Ohio Supreme Court stated in Raflo v. The Losantiville CountryClub that when one successfully traverses a step, even if of a statutorily proscribed elevation, upon entering a building, he cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter.[14] In Ohio, "darkness is always a warning of danger, and for one's own protection it may not be disregarded."[15]
The essence of McGowan's negligence claim focuses on the change in the lighting conditions from the time she used the stairs in the lighted hallway to go up to the balcony, to when she left the balcony a short time later and fell on the stairs in the same, now unlighted, hallway on her way to the restroom. McGowan claims that the lighting condition had changed such that the steps were not discernible, and that she had no other alternative but to use the unlighted hallway.
While cognizant that comparative-negligence principles have now superseded the doctrine of contributory negligence, we note that the Ohio Supreme Court has stated,
 Where the evidence is conflicting on the issue of contributory negligence or where a combination of circumstances exists requiring a determination as to the credibility of witnesses in order to deduce the true facts relative to the issue of contributory negligence, then no inference of a lack of ordinary care arises and the ultimate resolution of this issue is solely within the province of the jury.
* * *
 The step-in-the-dark rule merely raises an inference of the lack of prudence and ordinary care on the part of the plaintiff. If conflicting evidence exists as to the intentional nature of the step into the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances exist tending to disprove a voluntary, deliberate step into unknown darkness, then clearly an inference of contributory negligence does not arise. Evidence of this nature presents a factual question for determination by the jury.[16]
 We cannot say that, as a matter of law, McGowan's action to proceed in the darkness constituted negligence and was so clearly the proximate cause of her injuries such that it superseded and outweighed the alleged negligence of the defendants-appellees.[17]
The Ohio Supreme Court has stated with respect to summary judgment that,
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the moving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Hardwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.[18]
 We review the decision to grant summary judgment de novo, using the same standard that the trial court was required to use under Civ.R. 56(C).[19]
On the record before us, the trial court erred in granting defendants-appellees' summary-judgment motions because there are genuine issues of material fact, including, but not limited to, whether the stairs were unlighted and whether unlighted stairs would have created an unreasonably dangerous condition on the premises, from which the defendants-appellees had a duty to protect McGowan.[20] Other unresolved mixed questions of law and fact include whether McGowan's decision to proceed down the unlighted stairs constituted negligence, and if so, whether her negligence exceeded that of the defendants-appellees. Accordingly, McGowan's first assignment of error is sustained, and we reverse the trial court's grant of summary judgment as to all defendants-appellees.
McGowan's second assignment of error is moot based on our disposition of the first assignment of error.
Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.
Hildebrandt, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563,565, 697 N.E.2d 198, 200 (citations omitted).
[2] See Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614,616; Adelman v. Timman (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332,1335.
[3] See Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265, 270.
[4] See Whitelaw v. The Fifty-Five Restaurant Group, Ltd. (Jan. 25, 2001), Franklin App. No. 00AP-668, unreported.
[5] See Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,645, 597 N.E.2d 504, 507.
[6] See id.
[7] See id. at 646, 597 N.E.2d at 508. In defendants' reply memorandum they "have not argued that plaintiff assumed the risk of her injuries as a matter of law."
[8] See id.
[9] See id.; R.C. 2315.19(B).
[10] See id.; R.C. 2315.19(A)(2).
[11] See Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203, 480 N.E.2d 474, 475.
[12] See Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644, 597 N.E.2d 504, 506.
[13] See Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 48,550 N.E.2d 517, 520.
[14] See Raflo v. The Losantiville Country Club (1973), 34 Ohio St.2d 1,4, 295 N.E.2d 204-205; see, also, Waller v. Madden (Feb. 20, 1983), Hamilton App. No. C-820339, unreported (grant of defendant's summary-judgment motion affirmed where plaintiff successfully traversed unlighted stairway ten minutes before the accident).
[15] Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 239 N.E.2d 37, paragraph three of the syllabus.
[16] Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271,276, 344 N.E.2d 334, 338 (citations omitted).
[17] Compare Gabel v. Apcoa, Inc. (Oct. 21, 1999), Cuyahoga App. No. 74794, unreported (grant of defendant's summary-judgment motion affirmed as no reasonable trier of fact could have found any negligence by the defendant exceeded that of plaintiff where plaintiff failed to investigate a safe alternative route, was extremely intoxicated, and admitted failure to investigate conditions on other side of a darkened security fence prior to scaling it).
[18] Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201, 204.
[19] See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212; see, also, Donald v. Midwest Mortgage Banc, Inc. (June 30, 2000), Hamilton App. No. C-990602, unreported.
[20] See Besst v. Zann's Family Restaurant, Inc. (Feb. 19, 1999), Morgan App. No. 98 CA 2, unreported (grant of defendant's summary-judgment motion reversed as genuine issue of material fact existed as to whether lighting at a guest registry breached defendant's duty and whether the lighting rendered the step unreasonably dangerous).