DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment granted to a property owner by the Lucas County Court of Common Pleas in a premises liability case. Because we conclude that the property owner had no duty to warn of an open and obvious hazard, we affirm.
 {¶ 2} On July 26, 1999, appellant, Eileen Gamby,[1] visited the Fallen Timbers Medical Center in Maumee, Ohio, for a dental appointment. According to her complaint, as appellant left the building she stepped into a large crack in the sidewalk, causing her to twist her leg and fall. Appellant alleges serious injury from this fall.
 {¶ 3} On July 16, 2001, appellant sued the owner of the medical center, appellee, Fallen Timbers
 {¶ 4} Enterprises, alleging that its failure to properly maintain its sidewalk was the cause of appellant's injury. Following discovery, the matter was submitted to the court on cross-motions for summary judgment.
 {¶ 5} The court concluded that the sidewalk crack into which appellant stepped was open and obvious and that appellee, therefore, owed appellant no duty to warn appellant of its danger. Absent a breach of duty, the court ruled, appellant failed to meet her burden to make a prima facie claim sounding in negligence. Accordingly, the trial court granted appellee's motion for summary judgment and denied appellant's.
 {¶ 6} From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 7} "I. The trial court erred to the prejudice of the plaintiffs when it denied the plaintiffs' motion for summary judgment and granted the defendant's motion for summary judgment.
 {¶ 8} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated, "*** (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 9} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc.(1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 10} The elements of ordinary negligence are well settled. To prevail on such a claim, a plaintiff must show (1) the existence of a legal duty, (2) a defendant's breach of that duty; and (3) injury as a proximate cause of the defendant's breach. Wallace v. Ohio,96 Ohio St.3d 266, 274, 2002-Ohio-4210 at ¶ 22, citing Mussivand v.David (1989), 45 Ohio St.3d 314, 318.
 {¶ 11} An owner or occupier of property owes no duty to warn a business invitee entering the property of open and obvious dangers.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573 at ¶ 5, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The rationale of the doctrine is that an open and obvious hazard serves as its own warning. Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642, 644.
 {¶ 12} The hole into which appellant stepped was three-quarter inches deep, two inches wide, and five inches long. It was not covered or otherwise obscured. Appellant presented no evidence that the defect was not visible under ordinary circumstances. Appellant had traversed the same sidewalk on her way into appellee's building and observed the general disrepair of the sidewalk at that time. We must, therefore, conclude that this defect was open and obvious.
 {¶ 13} A narrow exception to the open and obvious doctrine requires that a business owner take added precaution if it is reasonably foreseeable that a customer's attention may be distracted by merchandise on display or that the customer might forget the presence of a danger after a lapse of time. McGuire v. Sears Roebuck Co. (1996),118 Ohio App. 494, 498. The breadth of the exception, however, does not to encompass the common or the ordinary. Id.
 {¶ 14} Appellant testified that the only distractions which might have prevented her from seeing the depression were her conversation with her husband and glare from the sun. Conversation is certainly one of the most ordinary and common distractions people encounter. Moreover, so are the effects of the varying angle and intensity of the sun. See Wilson v.P.N.C. Bank, N.A. (May 5, 2000), Hamilton App. No. C-990727. Additionally, glare, like darkness, is itself a warning of danger and a cause for heightened care. See Reinhardt v. Cedar Point, Inc. (Nov. 1, 1991), Erie App. No. E-91-13, citing Jeswald v. Hutt, 15 Ohio St.2d 224, paragraph three of the syllabus. Given this, we must concur with the trial court in its conclusion that the diversions appellant cites are insufficient to place this event into the exception articulated inMcGuire.
 {¶ 15} Consequently, the trial court properly concluded that the defect which caused appellant's fall was open and obvious and that no attendant circumstances existed which would give rise to a heightened duty on the part of appellee.
 {¶ 16} Appellant, in her brief, also argued that the open and obvious doctrine had been superceded by comparative negligence. In oral argument, appellant withdrew this argument in light of the Supreme Court of Ohio's recent holding at the syllabus of Armstrong v. Best Buy Co.,Inc., supra.
 {¶ 17} Accordingly, appellant's single assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
[1] Eileen Gamby's husband, Ronald, is also an appellant by virtue of his loss of consortium claim. For clarity purposes, however, we shall refer to Eileen Gamby as appellant in the singular.