OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Deborah Lines, appeals from a judgment entry of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of appellee, Ashtabula Area City School, a.k.a. Columbus Junior High School. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On December 2, 2001, appellant filed a civil complaint with the Ashtabula County Court of Common Pleas. The complaint alleged that appellant had incurred injuries as a result of appellee's negligent maintenance of its public school premises. Appellant's injuries originated from a trip and fall that occurred while on appellee's premises and produced damages purportedly in excess of $25,000.
 {¶ 3} Appellee responded by filing a timely answer denying liability. Appellant then amended her complaint to include her husband, Donald Lines ("Donald"), as a plaintiff. Donald claimed that due to appellee's negligence he sustained monetary damages in excess of $25,000 for his wife's medical expenses and loss of consortium. Appellee again denied the allegations of the amended complaint via a timely-filed answer.
 {¶ 4} The following facts were disclosed through various deposition transcripts. On March 30, 2000, appellant went to appellee's premises to pick up her son from a junior high dance. Appellant entered the building while it was still daylight outside. However, twenty minutes later, when she left the building, it was dark outside.
 {¶ 5} Appellant proceeded to walk with her son along a walkway next to the school. The closest source of illumination was an outdoor light mounted on top of a pole approximately thirty-five feet away. While walking, appellant tripped over an elevated curbed riser that secured an electrical ventilation shaft. Protruding from the ventilation shaft was an uncovered nail. Appellant landed on the nail when she fell, causing injury to her knee.
 {¶ 6} During her deposition, appellant testified that due to inadequate lighting she did not see the elevated ventilation shaft. She further stated that, had it been daylight, the ventilation shaft would have been visible.
 {¶ 7} On December 16, 2002, appellee filed a motion for summary judgment. As part of its motion, appellee argued that it was immune from liability and was under no duty to provide adequate lighting. Appellant countered by filing a brief in opposition. After reviewing the contentions of both parties, the trial court issued a judgment entry denying appellee's motion for summary judgment. The trial court determined that there were genuine issues of material fact with respect to the lighting conditions and degree of darkness.
 {¶ 8} Following the trial court's denial of the motion for summary judgment, appellee filed a motion for reconsideration. Again, appellee argued that it was under no affirmative duty to provide lighting to accommodate invitees. In support of its argument, appellant cited our recent decision in Hake v.Delpine, 11th Dist. No. 2002-T-0010, 2003-Ohio-1591. Appellant filed a response which maintained that Hake was factually distinguishable from the present matter.
 {¶ 9} On April 8, 2003, the trial court issued a judgment entry that sustained appellee's motion for reconsideration. It vacated its previous judgment entry denying appellee's motion for summary judgment and entered summary judgment in favor of appellee. The trial court determined that, based on Hake, there were no genuine issues of material fact as "[appellee] had no duty to [appellant] to protect her from hazards hidden in the darkness, because the dangers presented by navigating in the darkness were open and obvious, and there is no duty to light walkways, or that the lighting be adequate."
 {¶ 10} From this judgment, appellant filed a timely notice of appeal and sets forth the following assignment of error for our consideration:[1]
 {¶ 11} "Whether the trial court erred in its April 8, 2003 entry granting summary judgment to appellee since there are genuine issues of material fact as to whether appellee breached the duty of care to appellant, a business invitee."
 {¶ 12} Prior to examining appellant's assignment of error, we will set forth the appropriate standard of review. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12.
 {¶ 13} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 14} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 15} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 16} Under her sole assignment of error, appellant presents the following three separate issues for our review: (1) whether appellee is immune from liability under R.C. 2744, et seq.: (2) whether appellee had a duty to provide sufficient lighting outside the school and to keep the grounds clear of any unnecessary and latent hazards; and (3) whether Hake is distinguishable from the case at bar.
 {¶ 17} Appellant first notes that political subdivisions, such as a school district, are afforded immunity from liability based upon the political subdivision's acts or omissions, pursuant to R.C. 2744.02(A). However, appellant maintains that R.C. 2744.02(B)(4) provides an exception to the foregoing immunity, as this section states that a political subdivision may be held liable for the negligence of its employees which occurs on its premises.
 {¶ 18} R.C. 2744.02(A) provides the general rule that, as a political subdivision, a school district is not liable for injuries to persons "allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(B) sets forth various exceptions to which the foregoing immunity does not apply. However, even assuming that one of these exceptions applies, R.C. 2744.03 enumerates separate immunities for political subdivisions which ultimately exempt a political subdivision from liability. In the case at bar, R.C. 2744.03(A)(3) provides the relevant statutory immunity, to wit:
 {¶ 19} "The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." (Emphasis added.)
 {¶ 20} In Weimer v. Springfield Twp. Pub. School Dist. Bd.of Edn. (May 11, 1994), 9th Dist. No. 16334, 1994 Ohio App. LEXIS 2036, the Ninth Appellate District held that a school board was immune from liability, pursuant to R.C. 2744.03(A)(3), when an invitee claimed that she had incurred injuries resulting from a trip and fall caused by inadequate lighting. In doing so, the court noted that the school board's decisions regarding the lighting of the school's parking lot was "discretionary in nature and therefore may not form the basis for liability." Id. at 7.
 {¶ 21} In her complaint, appellant's negligence claim was initially stated in a very broad fashion. Specifically, she claimed that appellee was "negligent in allowing broken gravel, loose concrete and other dangerous conditions to exist in the parking lot of the premises set forth above." However, her deposition testimony in support of that claim only referenced appellee's failure to adequately light the parking lot. There was no statement in her deposition that the parking lot's light was negligently maintained or was in disrepair; rather, the sole thrust of appellant's deposition testimony was that appellee failed to supply the parking lot with sufficient light.
 {¶ 22} Because appellee's motions for summary judgment set forth the defense of immunity, appellant was obligated to provide some evidence which created a material dispute of fact as to that issue. In her response to both of appellant's motions for summary judgment, appellant never referred to the broader claims of her complaint. Specifically, at her deposition, appellant presented the following corroborative testimony:
 {¶ 23} "Q: Okay, so you're claiming that because it was dark you weren't able to see this, [elevated ventilation shaft] and that would cause you to fall?
 {¶ 24} "A: Absolutely.
 {¶ 25} "Q: Is there any other reason that you tripped over this?
 {¶ 26} "A: No."
 {¶ 27} We agree with the Weimer analysis that lighting design is a discretionary function. Further, in the absence of any evidence as to why the lighting was inadequate, it is clear that the lighting design of appellee's parking lot was a discretionary act which was afforded immunity pursuant to R.C.2744.03(A)(3). Accordingly, this portion of appellant's sole assignment of error is not well-taken.
 {¶ 28} Notwithstanding appellee's statutory immunity, we are inclined to note that the instant matter is distinguishable fromHake. The facts of Hake demonstrate that the plaintiff attended a dance recital at a local high school. Id. at ¶ 2. Following the recital, when it was dark outside, appellant exited the school and proceeded down a cement walkway leading from the school to a public sidewalk. Id. Ultimately, the plaintiff tripped and fell over a step where the walkway and the public sidewalk converged. Id.
 {¶ 29} In Hake, however, the plaintiff's claim of insufficient lighting was not based on an inadequate design; instead, it was grounded exclusively upon the defendant's failure to maintain operational lights. Id. at ¶ 12. The case at bar is distinguishable on this point as appellant failed to present any evidence that appellee's lights were non-operational or negligently maintained. To the contrary, the evidence demonstrated that there was an operational light mounted on top of a pole approximately thirty-five feet from where appellant fell. Accordingly, appellant relied upon appellee's failure to provide an adequate lighting design. Hake never addressed the issue of possible immunity under R.C. 2744.03(A)(3). Thus, the instant case is distinguishable from Hake.
 {¶ 30} Moreover, the facts of Hake are distinguishable from the instant case as it is apparent that, in Hake, the plaintiff's trip and fall occurred on a public sidewalk, outside of the school district's premises. Therefore, the immunity granted by R.C. 2744.03(A)(3) was evidently not applicable.
 {¶ 31} Further, support for our holding in Hake may be tenuous. In Hake, we ultimately relied heavily on Jeswald v.Hutt (1968), 15 Ohio St.2d 224, to conclude that "a property owner is under no affirmative duty to light walkways and public parking areas outside their buildings to accommodate invitees."Hake at ¶ 14.
 {¶ 32} In Jeswald, the Supreme Court of Ohio held that darkness was always a warning of danger and, therefore, a plaintiff will be considered contributorily negligent for any injury claims which occur due to darkness. Id. at 227. In short, the Court stated, "plaintiff herself, in the described circumstances, was chargeable with negligence which was a direct contributing cause of her misfortune." Id. at 228. Nevertheless, the Court's decision in Jeswald has to be viewed in relation to the existing state of law at that time.
 {¶ 33} Specifically, the Jeswald holding was issued when a plaintiff was completely barred from recovery if his or her own contributory negligence was a factor. However, subsequent to theJeswald holding, Ohio's General Assembly replaced the aforementioned standard of contributory negligence with a comparative negligence standard. Thus, currently, a plaintiff's claim of negligence would still be actionable despite such party's partial comparative negligence.
 {¶ 34} Accordingly, the legislature's enactment of a comparative negligence standard casts doubt upon the law announced in Jeswald and our subsequent holding in Hake.
Nevertheless, as mentioned previously, appellee is afforded immunity from negligence under R.C. 2744.03(A)(3) and, therefore, appellant's negligence claim fails as a matter of law.
 {¶ 35} Appellant's sole assignment of error is without merit. Because an appellate court's review of a summary judgment exercise is de novo, we can substitute the proper analysis for the trial court's analysis on this point and then affirm on that basis. Portage Cty. Bd. of Commrs. v. Akron, 11th Dist. No. 2001-P-0127, 2004-Ohio-1665. Accordingly, we hereby affirm the trial court's grant of summary judgment in favor of appellee, although for reasons other than those explicated in the trial court's judgment entry.
Ford, P.J., concurs with Concurring Opinio.
Grendell, J., concurs in judgment only and concurs with the Concurring Opinion.
Ford, P.J., concurs with Concurring Opinion.
 {¶ 36} Although I concur in the judgment, I write separately because I do not agree with the majority's statement that support for our holding in Hake may be tenuous. I do not believe that the change in the law effectuated by the adoption of comparative negligence and the curtailment of the doctrine of contributory negligence in any way affected the analysis of the plaintiff's duty in Hake per Jeswald. The issues of comparative and contributory negligence have nothing to do with this case orHake. The instant matter and Hake dealt with the duty owed by a business proprietor if there was a latent condition that they knew or should have known about. Further, this case deals exclusively with the duty owed by appellee as owner of the property in question. To this writer's knowledge, there has been no change in Ohio regarding the basic legal duty owed by such owner since the opinion in Jeswald was rendered through theHake case to the present matter.
 {¶ 37} Therefore, except for the foregoing point, I concur with the majority.
[1] Although Donald was named as a plaintiff, the notice of appeal filed with this court reveals that only appellant was named as an appealing party. Accordingly, appellant is the only party recognized on appeal. App.R. 3(B).