NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0557n.06

No. 08-3862

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 11, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| BRANDY R. ANDLER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| CLEAR CHANNEL BROADCASTING, | ) | |
| INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, Chief Judge; BATCHELDER and COOK, Circuit Judges.

COOK, Circuit Judge. Plaintiff-Appellee Brandy Andler fell in a grassy depression and injured her feet while visiting friends at a campground owned and operated by Defendant-Appellant Clear Channel Broadcasting, Inc. Andler sued, and a jury found Clear Channel liable for negligence and awarded Andler $200,000 in damages. Clear Channel appeals the jury's verdict, claiming several errors by the district court, including refusing to instruct the jury on the "open and obvious danger" doctrine under Ohio law. For the following reasons, we reverse the judgment, vacate the jury's verdict and remand for a new trial.

I.

In July 2004, Andler attended the Jamboree in the Hills music festival, which took place at a campground owned and operated by Clear Channel (Campground B) in Belmont County, Ohio.

No. 08-3862
*Andler v. Clear Channel Broadcasting, Inc.*

Though Andler camped at a different, nearby campground, she sustained her injuries at Clear

Channel's Campground B while walking to the restroom at about 10:00 p.m. on July 13, 2004.

Andler sued Clear Channel seeking recovery for her injuries, and the case proceeded to a jury

trial. At the close of evidence, Clear Channel asked the court to instruct the jury that Andler's status

under Ohio premises liability law was that of a licensee, rather than an invitee, and that the offending

grassy depression was an "open and obvious" danger. The court refused to issue the requested

instructions, the jury awarded $200,000 in damages, and Clear Channel appealed.

II.

We review jury instructions "as a whole to determine whether they fairly and adequately

present the issues and applicable law to aid the jury in making its determination." *Micrel, Inc. v.*

*TRW, Inc.*, 486 F.3d 866, 880–81 (6th Cir. 2007). The "correctness of jury instructions is a question

of law, which we review *de novo*," *id.* at 881, but we review a district court's refusal to give a

requested jury instruction for abuse of discretion, *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882,

901 (6th Cir. 2004). Refusing "to give a jury instruction constitutes reversible error if (1) the omitted

instruction is a correct statement of the law, (2) the instruction is not substantially covered by other

delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of

the case." *Id.* "A new trial is not required 'unless the instructions, taken as a whole, are misleading

or give an inadequate understanding of the law.'" *Morgan v. N. Y. Life Ins. Co.*, 559 F.3d 425, 434 (6th Cir. 2009) (quoting *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003).

Clear Channel asserts that it put forth evidence that the depression itself was open and obvious to an average person under most circumstances. Second, Clear Channel argues that to the extent Andler's testimony implied that she did not see the depression because it was dark, darkness itself is an open and obvious condition. Thus, Clear Channel contends that the district court abused its discretion by refusing its request to give to the jury the following "open and obvious" instruction:

> An owner of property owes no duty to protect invitees who remain on the property from open and obvious dangers on the property. The open and obvious nature of the danger itself serves as a warning to the invitee. Invitees are expected to discover those dangers and protect themselves. Darkness is always a warning of danger, and for one's own protection it may not be disregarded. *Jeswald v. Hutt* (1968), 15 Ohio St. 2d 224, 239, paragraph three of the syllabus. Said another way, darkness is an open and obvious condition that may not be disregarded. *Rezak v. Cuyahoga Falls Concerts, Inc.* (9th Dist. Feb. 21, 2007), No. 23323, 2007-Ohio-708, ¶ 19, citing *Jeswald*, supra.

Andler does not argue that Clear Channel's instruction stated the law incorrectly, was substantially covered by other instructions, or that failure to give it did not impair Clear Channel's defense theory. In defending the district court's refusal to give the instruction, Andler argues only that the evidence adduced at trial would not have supported a finding by the jury that the hazard was open and obvious.

Andler is mistaken given that "[a] party needs only a slim amount of evidence to support giving a jury instruction." *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 387 (6th Cir. 2008). As detailed below, Clear Channel produced relevant, probative evidence on the open-and-obvious question that entitled it to the requested jury instruction.

Specifically, witness James Vincent testified that he saw the grassy depression both before and after Andler fell into it. Observing a contemporaneous photograph of the scene, Vincent was able to identify the location of the depression. Vincent's testimony supported an inference that the depression was open and obvious, and should have prompted the district court to issue the requested instruction. Moreover, Andler and her then-boyfriend Eric Heitzer admitted during trial that the fall occurred in the dark, about 10:00 at night, although both stated that there was enough ambient light from other parts of the campground that they "could see where we were going." This testimony from Andler and Heitzer could support a view that either the darkness or the depression were "open and obvious" under Ohio law. In sum, the testimony presented at trial satisfied Clear Channel's modest evidentiary burden to establish entitlement to the requested instruction. In refusing to give it, the court improperly deprived Clear Channel of its right to have the jury decide the case in accordance with the applicable law, thus abusing its discretion.

Given that remedying this jury-instruction error requires a new trial, we decline to address the other trial errors Clear Channel assigns.

III.


For these reasons, we reverse the judgment for Andler, vacate the jury's verdict and damage

award, and remand for a new trial consistent with this opinion.